The opinion of the Court was delivered by
Todd, J.
This is a suit for the recovery of damages alleged to have been sustained by tbe plaintiffs, from the wrongful seizure of their properly under a writ of attachment sued out by the defendants.'
There was judgment in favor of the plaintiffs for $1,015.25, from *1204 which they have appealed. The defendants ask an amendment of the judgment, rejecting the entire demand.
The facts are these :
On the 15th of February, 1877, the defendants instituted suit against one Heyner, anon-resident., and under an attachment iu the case caused to be seized 115 bales of cotton as the property of Heyner, their debtor.
Fifteen bales of this cotton were subsequently released.
The plaintiffs, Frank & Co., intervened in that suit claiming the cotton.
There was judgment in the District Court, in favor of Chaffe & Sons, maintaining the attachment and dismissing the intervention. On appeal this j udgment was at first affirmed by this Court, but a rehearing was granted and judgment finally rendered in favor of the iutervenors, Frank & Co., decreeing them the owners of the cotton.
Thereupon the present suit was instituted, in which the plaintiffs (intervenors in the former suit) claim as damages the costs and expenses attending the previous litigation, and in addition thereto, the estimated value of the cotton seized.
During the pendency of the former suit, by consent of all parties thereto, the cotton attached was sold by the sheriff, and on the termination of the suit this officer failed to pay over the funds arising from said sale, and the defendants herein — the attaching creditors — are sought to be made responsible for the amount thereof.
The Judge a qvo allowed the plaintiffs legal interest on the amount of sales of the cotton, less the charges for freight and weighing, making...............................................$ 489 25
Counsel fees............................................... 500 00
Costs of executing commissions............................. 26 00
Total..................................................$1015 25
1. The plaintiffs’ counsel contends that the 1st and 3d items in the above statement should be increased. That the interest, was calculated in too small an amount, that is, upon too low an estimate of the value of the cotton.
We have reviewed the evidence on these points and find no material errors in these items. The evidence leaves them somewhat in doubt, but we are not prepared to say that the Judge’s conclusions respecting them were incorrect.
2. We are, however, of opinion that the entire charge for the expenses of several trips made by one of the plaintiffs to this City, where the attachment was gotten out, should not have been rejected. The seizure of 95 bales of their cotton was, of course, a matter of considerable interest to them, sufficient to demand the presence of at least *1205 one member of tlieir firm, when they heard of the seizure of the cotton. It was necessary to employ counsel to institute proceedings for the, recovery of their property, arrange, perhaps, for giving bond and to attend to other matters incident to the suit, which might well require their presence. The expenses of the first trip at least should have, been allowed. We see no necessity for the two other trips charged for. Personal attendance at the trial was not indispensable. The expense of each trip was shown to have been eighty dollars.
3. We think $80.40 costs, for the printing of briefs in the attachment suit, shown to have been paid by plaintiffs, should have been allowed. It was a part of the actual expenses of that litigation.
4. The evidence shows that the cotton, on the 15th February, 1877, when attached, was fully worth $5,054.60. It sold for $4,682.15. We think the plaintiffs entitled to the difference, amounting to $372.55. Between its seizure and sale there was a decline in the price. This difference measures the actual loss to plaintiffs from this cause.
This sums up the actual damages sustained, according to our view of the case, from the illegal attachment.
5. The plaintiffs are not entitled to recover the proceeds of the sale of the. cotton sold under the agreement referred to. If that agreement had not been made, we must presume that the cotton would have been on hand to respond to the final decree of the court, under which plaintiffs would have been entitled to receive it. For reasons best known to themselves, they consented to its sale. The proceeds went into the hands of the sheriff who failed to pay them over. The loss to the jilaintiffs resulted not from the attachmentbutfromthe delinquency of the sheriff. This was the immediate or proximate cause of the loss. Ocuusa próxima et non remota spectator.
It is only the direct, and immediate damage from a particular act and not the remote or consequential damage that can be allowed. 1 An. 372 ; 30 An, 15 ; 13 An. 564 ; 26 An. 250, 359 ; Barremore vs. McFeely, 32 An. 1181 ; Huyghe vs. Brinkman, 34 An., not reported.
For the loss resulting from this malfeasance of the sheriff, a loss to which their own consent to the sale in some measure contributed, the plaintiffs must look to that officer and his official sureties.
We are satisfied that the defendants instituted this attachment proceeding in the honest pursuit of what they deemed their legal rights. In taking this step it is shown that they acted under the advice of experienced and able counsel, and that-, during the litigation two judgments were rendered in their favor, though subsequently reversed, is the best evidence of their good faith, and a complete vindication from the charge that the suit was wantonly instituted and prompted by malice.
*1206 The defendants must, however, pay the actual loss caused by the attachment, which we sum up in accordance with the foregoing-statement, as follows:
Amount allowed by judgment, lower court..................$1015 25
Expense of one trip to New Orleans......................... 80 00
Costs of briefs............................................ 80 40
Loss in price or value of cotton............................. 372 55
Total...................................................$1548 20
On this sum legal interest should be allowed from judicial demand.
It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be amended by increasing the amount thereof to one thousand five hundred and forty-eight dollars and twenty cents, with legal iuterest thereon from the 8th February, 1878, and as thus amended it be affirmed. Defendants to pay costs of both Courts.
Poché, J. I dissent from that part of the opinion and decree of the majority which holds the defendants responsible for the difference between the price which plaintiffs’ cotton would have brought at the date of the attachment and the price which it actually brought.
' The cotton was sold under the following agreement:
“ To save further costs and expenses, it is agreed that the cotton held under seizure herein by the sheriff of the Parish of Orleans, may be sold by him for cash, after advertisement for live days in the New Orleans Picayune, Democrat and Times, without appraisement; and the proceeds of sale shall in every respect -represent said cotton ,in the same manner as it is now held, and without prejudice to the rights of the several parties.
“ [Signed] John Ciiaefe & Sons.
“Hornor & Benedict,
“ Attorneys for Franlc & Oo. and F. HeynerP
Through their own voluntary act plaintiffs agreed that the proceeds of the sale made under their own order, would represent and stand in lieu of the cotton held by the sheriff, and this act, in my opinion, estops them from asking anything else, or any other amount of money than that which was realized by such sale.
If they had allowed the law to take its own course, the cotton would have remained in the hands of the sheriff until the final determination of the suit, and they might, in such case, claim as damages the difference in proceeds which is allowed by the decree.
The same effect should be given to the agreement touching this question as that given to it touching the responsibility of the defendants for the funds not accounted for by the sheriff.
1 concur with the majority in all the other points disposed of in the decree.